**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

**KELLI PRATHER**,

        **Plaintiff**,

                                    **Case No. 1:25-cv-679**
       **v.**                              **Judge Douglas R. Cole**
                                      **Magistrate Judge Kimberly A. Jolson**

**UNITED STATES OF AMERICA, *et al.*,**

        **Respondents.**

**<u>ORDER AND REPORT AND RECOMMENDATIONS</u>**

Plaintiff Kelli Prather, a federal inmate who is incarcerated at the FMC Lexington, has three pro se prisoner civil rights cases pending before this Court:

> 1. *Kelli Prather v. United States of America, et al.*, Case No. 1:25-cv-679 (S.D. Ohio Sept. 16, 2025);
>
> 2. *Kelli Prather v. United States Senator Jon Husted, et al.*, Case No. 1:25-cv-809 (S.D. Ohio Nov. 7, 2025); and
>
> 3. *Kelli Prather v. Vice President J.D. Vance, et al.*, Case No. 1:25-cv-874 (S.D. Ohio Dec. 1, 2025).

All three cases were deemed related and assigned to the Honorable Douglas R. Cole and the Undersigned Magistrate Judge.  For the following reasons, the Undersigned **RECOMMENDS** that this action, Case No. 1:25-cv-679, **be DISMISSED without prejudice** for failure to prosecute.

On February 20, 2026, the Undersigned issued an Order recommending that Case No. 1:25-cv-809 and Case No. 1:25-cv-874 be dismissed without prejudice as containing allegations that duplicated and/or overlapped with allegations set forth in the instant case, Case No 1:25-cv-679.  (Doc. 24 at 7).  The Undersigned also directed Plaintiff to file an amended complaint in

Case No. 1:25-cv-679 that complies with Federal Rule of Civil Procedure Rule 8(a).  Rule 8(a) requires a complaint to contain a "short and plain statement of the claim."  And Plaintiff's amended complaint was not to exceed 20 total pages in length.  (*Id*. at 4–5).  Plaintiff was given 30 days to comply and was warned that failure to comply with the order would result in the Court dismissing her case for want of prosecution.  (*Id*. at 5).  Finally, Plaintiff was directed not to file any other additional complaints or pleadings until the Court received the amended complaint it directed her to file.  (*Id*. at 8).  Plaintiff has complied with none of the Court's directives:

On March 13, Plaintiff filed a one-page motion to amend her Complaint simply asking to add a few more Defendants to her existing Complaint.  (Doc. 25).  This document does not comport with any of the complaint guidelines the Court set forth in the Doc. 24 Order.  Three days later, Plaintiff requested and received an extension of time to file her amended complaint.  (Docs. 27, 28).  Her deadline was set for April 24, and the Court advised her that no further extensions would be granted.  (Doc. 28).  Then on April 6, Plaintiff filed a motion asking the Court to appoint a pro bono attorney.  (Doc. 30).  A few weeks later, Plaintiff filed a motion to consolidate court fees in two cases not filed in this Court. (Doc. 31).[1]  None of these filings are the amended complaint the Court ordered her to file.  Ultimately, April 24 came and went without Plaintiff filing the amended complaint directed by the Court's February 20 Order.

"Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."  *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962); *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

---

[1]   The docket also contains a pleading from a different case that was inadvertently filed in Plaintiff's case.  (Doc. 29).  It has accordingly been restricted.

2

This authority is considered an "inherent power" necessary for "courts to manage their affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Additionally, the Court warned Plaintiff that failure to comply would result in the dismissal of her case. (Doc. 24 at 5). Accordingly, this case should be dismissed for Plaintiff's failure to comply with the Court's Order directing Plaintiff to file a Rule 8-compliant amended complaint.

The Undersigned therefore **RECOMMENDS** that this case, Case No. 1:25-cv-679, be **DISMISSED without prejudice** for want of prosecution. The Undersigned further **RECOMMENDS** that Plaintiff's non-compliant motion to amend (Doc. 25) **be DENIED**. Additionally, the Undersigned **ORDERS** that Plaintiff's motion to appoint counsel (Doc. 30) and motion to consolidate court fees (Doc. 31) are **DENIED**.

Finally, the Undersigned **REITERATES** the **RECOMMENDATION** in the Doc. 24 Order that Cases No. 1:25-cv-809 and 1:25-cv-874 be dismissed without prejudice as duplicative with Case No. 1:25-cv-679 and **TERMINATED** from the docket. The Undersigned also **REITERATES** the **RECOMMENDATIONS** in the Doc. 24 Order that Plaintiff's motions to stay collection of the filing fee (Docs. 13 and 20) be **DENIED** and that Plaintiff's motions to amend (Docs. 11, 14, 17, 18, 19, and 23) be **DENIED without prejudice**.

**IT IS SO RECOMMENDED AND ORDERED**.

Date: May 18, 2026                  */s/ Kimberly A. Jolson*
                                         KIMBERLY A. JOLSON
                                         UNITED STATES MAGISTRATE JUDGE

3

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).