**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

**KELLI PRATHER**,

       **Plaintiff**,

    **v.**

**UNITED STATES OF AMERICA**, *et al.*,

       **Respondents.**

**Case No. 1:25-cv-679
Judge Douglas R. Cole
Magistrate Judge Kimberly A. Jolson**

**ORDER and REPORT AND RECOMMENDATIONS**

Plaintiff Kelli Prather, a federal inmate who is incarcerated at the FMC Lexington, has three pro se prisoner civil rights cases pending before this Court:

1. *Kelli Prather v. United States of America, et al.*, Case No. 1:25-cv-679 (S.D. Ohio Sept. 16, 2025);

2. *Kelli Prather v. United States Senator Jon Husted, et al.*, Case No. 1:25-cv-809 (S.D. Ohio Nov. 7, 2025); and

3. *Kelli Prather v. Vice President J.D. Vance, et al.*, Case No. 1:25-cv-874 (S.D. Ohio Dec. 1, 2025).

All three cases were deemed related and assigned to the Honorable Douglas R. Cole and the undersigned Magistrate Judge. For the following reasons, the Undersigned **RECOMMENDS** that this action, Case No. 1:25-cv-679, **be DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

On February 20, 2026, the Undersigned issued an Order recommending that Case No. 1:25-cv-809 and Case No. 1:25-cv-874 be dismissed without prejudice as containing allegations that duplicated and/or overlapped with allegations set forth in the instant case, Case No 1:25-cv-679. (Doc. 24 at 221). The Undersigned also directed Plaintiff to file an amended complaint in Case

No. 1:25-cv-679 that complied with Federal Rule of Civil Procedure Rule 8(a). Rule 8(a) requires a complaint to contain a "short and plain statement of the claim." And Plaintiff's amended complaint was not to exceed 20 total pages in length. (*Id*. at 221–22). Plaintiff was given 30 days to comply and was warned that failure to comply with the order would result in the Court dismissing her case for want of prosecution. (*Id*. at 222). Finally, Plaintiff was directed not to file any other additional complaints or pleadings until the Court received the amended complaint it directed her to file. (*Id*. at 225).

After observing that Plaintiff complied with none of the Court's directives, the Undersigned on May 19, 2025, recommended that the No. 1:25-cv-679 case be dismissed without prejudice for want of prosecution. But in Objections filed on June 1, 2026, Plaintiff says that she mailed a compliant Amended Complaint on March 25, 2026, that was docketed on April 6, 2026. (Doc. 33, at 289). She asks the Court to grant her objections and allow this case to proceed.[1] (*Id*.). Attached to the Objections is an Amended Complaint (*id*. at 299) that appears to correspond with Doc. 29-1.[2] Accordingly, the Court will construe Doc. 29-1 as the Amended Complaint that Plaintiff filed in response to the Court's Doc. 25 Order.

However, despite following the formatting guidelines the Court instituted, the Amended Complaint does not comply with the Court's Order, insofar as it is wholly frivolous and fails to state a single claim upon which relief can be granted. In particular, Plaintiff's Amended Complaint presents allegations too free-flowing, winding, and fantastical for the Undersigned to attempt to

---

[1] Plaintiff also objects to the denial of her motion for appointment of counsel, but raises no objections to the orders denying her requests to consolidate filing fees, to the recommendations that Case No. 1:25-cv-809 and Case No. 1:25-cv-874 be dismissed without prejudice, or to the recommendations that her motions to amend be denied without prejudice. (Doc. 33, at 289).

[2] Doc. 29 is a pleading from a different case that was inadvertently filed in the instant case and was accordingly restricted.

summarize.  For example, Plaintiff names 78 Defendants ranging from the President and Vice President to other federal, state, and local officials, and private companies, organizations, and individuals.  (Doc. 29-1, at 256–62).  She alleges that these Defendants, individually and/or in concert, undertook to sabotage her professional ventures, community endeavors, and political aspirations.  She even implies that discriminatory lending practices by Cincinnati-area banks caused her to misappropriate federal CARES Act funds that resulted in her conviction in federal court.  (*Id*. at 271).

Plaintiff's allegations fail to state any constitutional claims upon which relief can be granted.  The Undersigned does not question the sincerity of Plaintiff's belief that she was wronged or the effort that she put into filing the instant Amended Complaint.  Even holding *pro se* litigants "to less stringent standards than formal pleadings drafted by lawyers," *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (cleaned up), the basic pleading standards set forth in Federal Rule of Civil Procedure 8(a) require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Plaintiff's Amended Complaint falls woefully short of meeting this standard.

Additionally, a complaint must be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989).  An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *Id*. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  In reviewing a complaint for frivolousness, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual

3

allegations as true, and evaluate whether it contains "enough facts to state a claim for relief that is plausible on its fact." *Bell Atl. V. Twombly*, 550 U.S. 544, 570 (2007).  But the Court need not accept as true factual allegations that are "fantastical or delusional." *Hill v. Lappin*, 380 F.3d 468, 471 (6th Cir. 2010) (cleaned up); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (finding courts are empowered to "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").  That is what Plaintiff is asking the Court to do and the Court declines.

Indulging Plaintiff every benefit of the doubt, the Undersigned finds that Plaintiff's Amended Complaint is wholly frivolous.  Accordingly, it is **RECOMMENDED** that this case **be dismissed** as frivolous and for failure to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915A(b) and 1915(e)(2).

The Undersigned further **REITERATES** the **RECOMMENDATION** in the Doc. 24 Order that Cases No. 1:25-cv-809 and 1:25-cv-874 be dismissed without prejudice as duplicative with Case No. 1:25-cv-679 and **TERMINATED** from the docket.

The Undersigned further **REITERATES** the **RECOMMENDATION** in the Doc. 24 Order that Plaintiff's motions to stay collection of the filing fee (Docs. 13 and 20) be **DENIED** and that Plaintiff's motions to amend (Docs. 11, 14, 17, 18, 19, and 23) be **DENIED without prejudice**.

The Undersigned further **RECOMMENDS** that Plaintiff's non-compliant motion to amend (Doc. 25) **be DENIED**.

Finally, the Undersigned **ORDERS** that Plaintiff's motion to appoint counsel (Doc. 30)

4

and motion to consolidate court fees (Doc. 31) are **DENIED**.

**IT IS SO RECOMMENDED AND ORDERED**.


Date: June 10, 2026                                  /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE


**<u>Procedure on Objections</u>**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

5