**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **KELLI PRATHER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA, et al.,**<br><br>**Defendants.** | **Case No. 1:25-cv-679; 1:25-cv-809; 1:25-cv-874**<br><br>**JUDGE DOUGLAS R. COLE**<br>**Magistrate Judge Jolson** |

**OPINION AND ORDER**

Plaintiff Kelli Prather is incarcerated due to convictions stemming from her fraudulent receipt of CARES Act funds. In this civil action and two others, she alleges a decades-long history of discrimination and abuse by some seventy-eight defendants that culminated in those convictions and resulting imprisonment. Because Prather is proceeding in forma pauperis, Magistrate Judge Jolson screened the complaint under 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation (R&R) (Doc. 9). There, she recommended dismissal. (*Id.* at #62). But that did not settle the matter. Prather ultimately filed eight more amended complaints, and two other cases. To keep up, the Magistrate Judge filed three more R&Rs, (Docs. 24, 32, 34); Prather responded to each, (Docs. 26, 33, 35). The final R&R (Doc. 34) analyzes Prather's most recent proposed amended complaint, (Doc. 29-1), finds it lacking, and recommends the Court dismiss the entire matter for failure to state a claim. (*Id.*).

For the reasons below, the Court **ADOPTS** that final R&R (Doc. 34) and **OVERRULES** Prather's most recent objection, (Doc. 35). As that R&R reiterates

recommendations from the previous ones, the Court **DISMISSES** them, (Docs. 9, 24, 32), and Prather's corresponding objections, (Docs. 12, 26, 33), as **MOOT**.

Thus, as recommended, the Court **DISMISSES** this matter **WITH PREJUDICE**, and **DISMISSES** two related cases, *Prather v. United States Senator Jon Husted*, No. 1:25-cv-809 (S.D. Ohio Nov. 7, 2025); and *Prather v. Vice President J.D. Vance*, No. 1:25-cv-874 (S.D. Ohio Dec. 1, 2025), **WITHOUT PREJUDICE**. In addition, the Court **DENIES** Prather's two outstanding motions to stay collection of the filing fee, (Docs. 13, 20), as well as Prather's recently filed Motion for Status Update (Doc. 36), as **MOOT**.

## BACKGROUND

Plaintiff Kelli Prather originally brought suit against two defendants, United States of America and Fifth Third Bank, seeking (1) a full pardon from the President of the United States, (2) immediate release from federal custody, (3) the sealing, expungement, and permanent scrubbing from the internet of any records of her felony convictions, (4) the same for any records of her past bankruptcy filings, and (5) $37,154,800 in damages. (Doc. 1, #2). Prather alleges that the government and Fifth Third Bank harmed her through a host of unlawful actions including racially discriminatory practices, libel, defamation, and other constitutional rights violations. (*Id.*). While the facts in her original complaint are difficult to parse, Prather's claims appear to trace back to three actions by the two defendants: (1) Fifth Third Bank denying her business loan applications because she is black, (*id.* at #3), (2) the federal government barring her from filing for bankruptcy, then leaking information about

her bankruptcy to Hamilton County Judges who foreclosed on her properties as a result, (*id.* at #4–5), (3) and the government arresting and convicting her in connection with her receipt of CARES Act funds, (*id.* at #7–10).

Because Prather sought to proceed in forma pauperis, (Doc. 4), the matter was referred to a magistrate judge under Cincinnati General Order 22-02. The assigned Magistrate Judge granted Prather leave to proceed in forma pauperis, (Doc. 8), and that same day, screened the complaint under 28 U.S.C. § 1915(e)(2)(B), recommending it be dismissed with prejudice, (Doc. 9, #62). First, the Magistrate Judge found that Prather's claims against the federal government should be dismissed because this matter is not the proper mechanism to challenge her conviction and because any claims for money damages are barred. (*Id.* at #59–60). Next, she found that Prather's claims against Fifth Third Bank fail because the only cause of action Prather could permissibly bring against the bank is time barred. (*Id.* at #60–61). Finally, because there are no cognizable federal claims, the Magistrate Judge recommended the Court decline to exercise supplemental jurisdiction over any potential state law claims. (*Id.* at #61–62).

Prather objected multiple times and in multiple ways. As of the time of this opinion, she has filed four objections, (Docs. 12, 21, 33, 35), and eight motions to amend her complaint (or at least she has filed eight complaints on the docket), (Docs. 11, 14, 17, 18, 19, 23, 25, 29-1), and has initiated two entirely new cases based on similar facts,[1] *Prather v. United States Senator Jon Husted*, No. 1:25-cv-809 (S.D.

---

[1] The judges assigned to those cases agreed that they were related and the Clerk's Office transferred them to the undersigned's docket. (Doc. 22).

Ohio Nov. 7, 2025); *Prather v. Vice President J.D. Vance*, No. 1:25-cv-874 (S.D. Ohio Dec. 1, 2025). Prather also twice requested to stay the collection of the filing fee, (Docs. 13, 20), motions which remain outstanding. In response, the Magistrate Judge issued three more R&R's, (Docs. 24, 32, 34), recommending denial of Prather's various motions, dismissal of the related cases, and once again recommending dismissal of all claims. However, because the final R&R reiterates the Magistrate Judge's earlier recommendations, that is the only one the Court adopts. (*See* Doc. 34).

That R&R ultimately recommends this matter be dismissed as frivolous and for failure to state a claim upon which relief may be granted. (Doc. 34, #324 (citing 28 U.S.C. §§ 1915A(b) and 1915(e)(2))). But the Magistrate Judge first began by recounting some of this matter's relevant procedural history and reiterating prior recommendations that the Court summarizes here.

The Magistrate Judge had previously denied all outstanding motions to amend, (Doc. 24, #223)), and recommended the Court dismiss the two later-filed related cases because they contained allegations that duplicated or overlapped with allegations in this case. (Doc. 34, #324 (discussing Doc. 24)). But that same earlier R&R also afforded Prather the opportunity to file an amended complaint in this case in the next thirty days consolidating her claims from the other two actions here. In doing so, though, it warned Prather that she must comply with Federal Rule of Civil Procedure 8(a) by setting out a short and plain statement of each claim. (*Id.* at #324–25). Lastly, she ordered Prather to refrain from filing any more pleadings until the Court received the amended complaint. (*Id.* at #325).

After it appeared that Prather had complied with none of those directives, the Magistrate Judge issued the next R&R, recommending the case be dismissed for want of prosecution. (*Id.* (discussing Doc. 32)). At the same time, the Magistrate Judge denied two non-dispositive motions: Prather's Motion to Appoint Counsel (Doc. 30) and Motion to Consolidate Court Fees (Doc. 31). (Doc. 32, #287).

In response, Prather again objected. Most notably, she claimed that she had in fact filed an amended complaint complying with the order, and she reattached that complaint to her objection. (Doc. 34, #325 (discussing Doc. 33)). As it turns out, for some reason Prather's proposed amended complaint in this action had been filed as an attachment to a pleading from a different case (with a different plaintiff), so the Clerk had restricted it from the docket in this case (meaning that the Magistrate Judge was unaware it had been filed). (*Id.* (discussing Doc. 29-1)).

Upon receiving that clarification, the Magistrate Judge issued a new R&R, construing Doc. 29-1 as Prather's proposed amended complaint filed in response to the Magistrate Judge's previous order. (*Id.*). But while the Magistrate Judge now at least had a proposed amended complaint to review, that did not change her underlying recommendation. She found the proposed amended complaint to be "wholly frivolous," and concluded it "fail[ed] to state a single claim upon which relief can be granted." (*Id.*). Indeed, the allegations were "too free-flowing, winding, and fantastical" for the Magistrate Judge to even attempt to summarize them. (*Id.* at #325–26).

Prather's proposed complaint now names seventy-eight defendants instead of the original two, and while based on the same underlying facts, vastly expands Defendants' alleged conspiracy against her.[2] (*Id.* at #326; Doc. 29-1, #256–62). From what the Court can glean, Prather still focuses on Fifth Third Bank's allegedly race-based denial of her requests for business loans from 2008 to 2021, the government's alleged blocking of her bankruptcy proceedings and the resulting seizure of her residential and commercial properties, and federal prosecutors' alleged unjust arresting, slandering, and incarceration of Prather. (*Id.* at #264, 267–68). But beyond that, her proposed complaint adds scores of new allegations, seeming to suggest that these events were in fact part of a larger multi-decade conspiracy against Prather on the part of all seventy-eight defendants. That conspiracy included additional harms she allegedly suffered—e.g., slander in the media, actions taken against her political career, sexual harassment and assault, attacks against her businesses, and, most recently, poor conditions while incarcerated. (*See generally id.*). Prather seems to allege that Defendants took these actions in retaliation, as she had spoken out against Defendants' alleged misconduct in connection with various community and economic development projects over the years. (*Id.* at #265, 269).

Turn now to the final R&R's findings regarding that amended complaint. There, while acknowledging Prather's efforts in amassing the various details, the Magistrate Judge found that her allegations fall "woefully short" of meeting Rule 8(a)'s requirement of a short and plain statement of each claim. (Doc. 34, #326). That

[2] The new complaint also ups Prather's money demands to $8,000,000,000. (Doc. 29-1, #262).

is because the complaint is largely composed of "fantastical or delusional" allegations the Court need not accept as true. (*Id.* at #327 (quoting *Hill v. Lappin*, 380 F.3d 468, 471 (6th Cir. 2010) (cleaned up))). So, determining that Prather's proposed amended complaint is wholly frivolous, the R&R recommends this case be dismissed[3] under 28 U.S.C. §§ 1915A(b) and 1915(e)(2). (*Id.*). It also reiterates the prior recommendation that Cases No. 1:25-cv-809 and 1:25-cv-874 be dismissed without prejudice as duplicative of this matter and terminated from the docket. (*Id.* (citing Doc. 24)). Turning to the other outstanding motions, the R&R reiterates the prior recommendations that the Court deny Prather's requests to stay the collection of the filing fee, (Docs. 13 20). (*Id.* (citing Doc. 24)). And it further recommends that Prather's non-compliant motion to amend,[4] (Doc. 25), be denied as well.[5] (*Id.*).

In the same order, the Magistrate Judge ruled on two non-dispositive motions: Prather's Motion to Appoint Counsel (Doc. 30) and Motion to Consolidate Court Fees (Doc. 31). (Doc. 34, #327–28), denying both.

---

[3] The Magistrate Judge does not explain whether she recommends the Court dismiss this case with or without prejudice. (*See* Doc. 34, #327). However, she does reiterate her prior recommendations that the related cases, as well as the various motions to amend, be dismissed without prejudice. (*Id.*). Ultimately, due to Prather's many unsuccessful attempts at pleading, the Court elects to dismiss with prejudice.

[4] That motion simply attempted to add more defendants, despite the Magistrate Judge's earlier order for Prather to cease filing pleadings until she filed an amended complaint that complied with Rule 8(a). (*See* Doc. 25)

[5] The Magistrate Judge's last two R&R's, (Docs. 32, 34), also recommended the Court dismiss Prather's previous motions to amend, (Docs. 11, 14, 17, 18, 19, and 23). However, that was in error; as noted above, the Magistrate had already denied those motions as moot in a previous order. (Doc. 24, #223).

Finally, the R&R advised Prather that failing to object within fourteen days could result in a forfeiture of her rights on appeal. (*Id.* at #328 (first citing *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); next citing *Thomas v. Arn*, 474 U.S. 140 (1985); and then citing *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981))); *see also* 28 U.S.C. § 636(b)(1)(C) (providing that, when ruling upon a magistrate's recommendation, a "judge of the court shall make a de novo determination" only as to "those portions of the report or specified proposed findings or recommendations to which objection is made").

Although Prather mailed her response ten days after the R&R was issued, the Court received it twenty days later. (Doc. 35, #330). There, Prather makes a few objections. First, she objects to the previous R&R's denial of her motion to appoint counsel. (*Id.* at #329; Doc. 32, #287 (denying Prather's Motion to Appoint Counsel (Doc. 30))). She requests the Court reconsider, stating that she requires counsel because of the complex nature of the case and because she is not an attorney. (Doc. 35, #329). Next, Prather objects to the R&R's finding that her most recent complaint was frivolous and failed to state a claim for relief. (*Id.*). But her justification for why is rather limited. Prather simply cites to the legal definitions for "frivolous" and "claim for relief," without offering how those definitions help her case. (*Id.*). And, apparently in support of those objections, she attaches forty-six handwritten pages that she says are copies of each claim submitted in her three pending cases. (*Id.* at #330, 332–78). She asserts that "[t]he information contained within the documents clearly demonstrates a pattern of corporate, political and judicial malfeasance and

constitutional claims which the Court should use in the proceedings." (*Id.*). The matter is now ripe.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (citation omitted) (cleaned up).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Prather is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the

procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citation omitted).

The above describes the standard of review this Court uses when a magistrate judge issues an R&R on a dispositive matter. When it comes to non-dispositive matters, as to which a magistrate judge instead issues orders, a different approach applies. For those, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (permitting judges to designate to magistrate judges any pretrial matter not excepted by the statute and to reconsider any decision on these pretrial matters under a "clearly erroneous or contrary to law" standard). "The 'clearly erroneous' standard applies to factual findings and the 'contrary to law' standard applies to legal conclusions." *Simms v. Warden*, No. 2:22-cv-474, 2024 WL 4783911, at *1 (S.D. Ohio Nov. 14, 2024). As to the former, factual findings are clearly erroneous if the Court has a "definite and firm conviction" that a magistrate judge has erred. *Id.* As to the latter, legal conclusions are "'contrary to law' when the magistrate judge has 'misinterpreted or misapplied applicable law.'" *Id.* (citations omitted). Either approach affords a magistrate judge wide discretion and the Court will reverse an order only if that discretion is abused. *Bonasera v. Pa. Nat'l Mut. Cas. Ins. Co.*, No. 2:19-cv-3817, 2021 WL 1785618, *1 (S.D. Ohio May 5, 2021).

## LAW AND ANALYSIS

### A. Prather's Objections, While Timely, Do Not Warrant De Novo Review.

As an initial matter, the Court finds that Prather's objections are timely despite their six-day-late arrival. Prather is pro se and incarcerated, meaning she received the R&R by mail and objected by the same. And the response itself indicates that when Prather mailed it, ten days after the R&R was issued, the deadline had not yet passed. That is sufficient for the Court to consider her filing timely. *See Sims v. Moss*, No. 3:24-cv-1052, 2025 WL 3127083, at *1 (M.D. Tenn. June 18, 2025).

Next, the Court addresses a procedural wrinkle regarding Prather's single objection to the Magistrate Judge's ruling on a non-dispositive motion. She objects to the denial of her request for Court-appointed counsel. (Doc. 35, #329). But this is actually a renewal of a previous objection, as the Magistrate Judge did not deny the request in the most recent R&R. Rather, the Magistrate Judge denied it in a previous order, to which Prather also timely objected.[6] (Doc. 32, #287 (denying Doc. 30); Doc. 33, #289). In any event, the Court will consider her objection to that denial and reviews it under the clearly erroneous or contrary to law standard.

But as to the R&R's core holding—that Prather fails to state a claim—the Court finds that Prather did not successfully object. That is because her objection fails to point to any specific issues or findings in the R&R on that issue. (Doc. 35, #329). She offers only the sort of general objection that does not warrant de novo

[6] Notably, at that time, Prather explicitly stated that did not object to the denial of the consolidation of her court fees, nor to the recommendations that the duplicative cases be dismissed and terminated and her previous motions to amend be denied. (Doc. 33, #289).

review. *Howard*, 932 F.2d at 508. Indeed, Prather's only line of attack is to quote the legal dictionary definitions of "frivolous" and a "claim for relief," without offering any explanation for why those definitions should shape the Court's decision. That is a far cry from pointing to or contesting a factual finding or legal conclusion made by the Magistrate Judge as a proper objection typically requires. Nor is her forty-six page restatement of her claims an objection. If she is once again seeking to amend her complaint, Prather must file a motion requesting that relief. But as to the current R&R, the Court reviews it only for clear error.

### B. The Court Overrules the Objection to the Ruling on Prather's Motion to Appoint Counsel.

Starting with the order on the non-dispositive issue, the Court notes that the Magistrate Judge provided no explanation for denying Prather's motion to appoint counsel. (Doc. 32, #287). Remember, when a party objects to a magistrate judge's order on a non-dispositive motion, the Court reviews findings of fact for clear error, and sets aside legal conclusions if they are contrary to law. Here, the Magistrate Judge made no findings of fact for this Court to review. But, despite the lack of explanation, there was no legal error. That is for a simple reason. Plaintiffs do not have a constitutional right to counsel in a civil case. *Abdur-Rahman v. Mich. Dep't of Corrs.*, 65 F.3d 489, 492 (6th Cir. 1996) (citation omitted); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993) (citation omitted). And while courts have some inherent equitable authority to appoint counsel in certain situations, such appointment is inappropriate when, among other things, "the chances of success are extremely slim." *Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011) (citation

omitted). And that limitation applies with full force here given the Court's determination below that the complaint is frivolous.

### C. The Court Finds No Clear Error and Adopts the R&R, Dismissing the Entire Matter.

The Magistrate Judge did not clearly err in her finding that Prather's most recent complaint fails to state a claim upon which relief can be granted. The R&R correctly states and applies the relevant standards under 28 U.S.C. §§ 1915A(b) and 1915(e)(2). And it also correctly notes that under Rule 8(a), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than a short and plain statement, Prather offers a long and winding tale about various harms allegedly inflicted upon her over several decades. The closest she comes to making an actual claim is perhaps when she lists nine separate provisions of the Constitution that Defendants allegedly violated. (Doc. 29-1, #272–73). But even there she does not even suggest how the facts she puts forth relate to those constitutional provisions, let alone identify which of the seventy-eight defendants against whom she asserts each claim. That does not satisfy Rule 8(a), or at the very least, the Magistrate Judge did not err in finding that to be the case. Sure, Prather is pro se and so her pleadings should be construed generously. But at a bare minimum, she must clearly list the claims and causes of actions she is pursuing, and the defendants against whom she is pursuing those claims. After all, one of the core purposes of a complaint is to put defendants on notice of the claims against them so that they might prepare a defense. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Prather's complaint falls woefully short of providing that notice.

Further, the Magistrate Judge is also correct that the Court need not accept as true allegations that are "fantastic or delusional." (Doc. 34, #327 (quoting *Hill*, 630 F.3d at 471)). At the core of Prather's claims, she alleges that many government officials, including the sitting Vice President, multiple members of Congress, and various federal and state judicial officers, engaged in a wide-ranging conspiracy with private citizens to target her for years. (*See, e.g.*, Doc. 29-1, #269). The Court cannot find that the Magistrate Judge clearly erred in treating such allegations as fantastical. So, the Court adopts the R&Rs and dismisses this case for failure to state a claim upon which relief may be granted. And because Prather has made numerous unsuccessful attempts to amend and correct her complaint, the final time with instruction from the Magistrate Judge that Prather did not heed, (*see* Doc. 24, #221–22 (explaining to Prather that her new complaint must, among other things, not exceed 20 pages and must satisfy the pleading standards set forth in the federal rules)), the Court dismisses with prejudice, *see Miller v. Farris*, No. 23-55717, 2025 WL 2938556, at *2 (9th Cir. Oct. 16, 2025) (explaining that a district court has "particularly broad" discretion to dismiss with prejudice or deny leave to amend after multiple attempts to amend the complaint) (citation omitted).

Turn now to the R&R's other recommendations. The Magistrate Judge did not err in recommending Prather's duplicative cases be dismissed. (*See* Doc. 24, #218–20; Doc. 34, #327). As best as the Court can tell, Prather filed both of the later cases to

sue additional defendants, alleging that those defendants also participated in various chapters of the same wide-ranging conspiracy to target her. So the Court adopts the recommendation and dismisses *Prather v. United States Senator Jon Husted*, No. 1:25-cv-809 (S.D. Ohio Nov. 7, 2025), and *Prather v. Vice President J.D. Vance*, No. 1:25-cv-874 (S.D. Ohio Dec. 1, 2025) without prejudice, terminating those cases from the docket.[7]

The Court also adopts the reiterated recommendation that the Court deny Prather's motions to stay the collection of the filing fee in this case, (Docs. 13, 20). (Doc. 24, #223–25; Doc. 34, #327). The Magistrate Judge correctly laid out that the Prison Litigation Reform Act ("PLRA") already has a process for collecting the filing fee from federal prisoners over a set payment schedule. (Doc. 24, #223–24). So the Magistrate Judge did not err in declining to deviate from that schedule. (*Id.* at #24 (citing *Ippolito v. Buss*, 293 F. Supp.2d 881, 883 (N.D. Ind. 2003) for the proposition that nothing in the PLRA suggests that courts may permit plaintiffs to depart from its payment schedule)). Accordingly, the Court dismisses those requests as well. (Docs. 13, 20).

The Court also adopts the Magistrate Judge's recommendation that the Court deny Prather's non-compliant motion to amend. (Doc. 34, #327). The Court has now ruled on Prather's most recent attempt at amending her complaint, (Doc. 29-1), meaning it need not consider any of her earlier efforts. Finally, the Court notes that Prather recently filed a motion requesting a status update in this case. (Doc. 36). As

---

[7] Indeed, it appears Prather now prefers that the Court dismiss these cases, rather than grant her IFP status, to avoid having to pay the filing fees three separate times. (Doc. 26, #229).

the Court is dismissing the entire matter, that motion is now moot. The Court dismisses that motion as well. (Doc. 36).

In sum, the Court adopts the most recent R&R, (Doc. 34), including its reiterated recommendations, in its entirety. The Court also denies the two outstanding motions to stay collection of the filing fee, (Docs. 13, 20), denies the outstanding motion to amend, (Doc. 25), and the motion for a status update, (Doc. 36). As there are no longer outstanding motions on the docket, the Court instructs the Clerk to terminate the case.

## CONCLUSION

For the reasons above, the Court **ADOPTS** the most recent R&R (Doc. 34) and **OVERRULES** Prather's objection to it, (Doc. 35). As a result, the Court **DISMISSES** the previous recommendations, (Docs. 9, 24, 32), and Prather's corresponding objections, (Docs. 12, 26, 33), as **MOOT**. Further, as the most recent R&R recommends, the Court **DISMISSES** this matter **WITH PREJUDICE**. The Court also dismisses the two related cases, *Prather v. United States Senator Jon Husted*, No. 1:25-cv-809 (S.D. Ohio Nov. 7, 2025); and *Prather v. Vice President J.D. Vance*, No. 1:25-cv-874 (S.D. Ohio Dec. 1, 2025), **WITHOUT PREJUDICE**. In addition, the Court **DENIES** Prather's two outstanding motions to stay collection of the filing fee, (Docs. 13, 20), and the outstanding motion to amend, (Doc. 25). Finally, the Court **DENIES** Prather's recently filed Motion for Status Update (Doc. 36), as **MOOT**. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** all three cases from the Court's docket.

**SO ORDERED.**

September 16, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**